JOSEPH H. DALLAGHER, administrator, *vs.* JAMES
DALLAGHER, appellant.

Middlesex.    January 26, 1898. — June 24, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Construction of Deed — Tenants in Common — Sale of Undivided Interest in
Real Estate.*

Under a deed which conveys in consideration of a stated sum paid by J., E., and D.
a certain parcel of land, with a double cottage thereon, the entire lot being de-
scribed by metes and bounds, "unto the said J., E., and D., their heirs and
assigns," and which contains after the description the words, "It is understood
that J. is to have No. 70, and E. and D. No. 72 in said cottage, to have and to
hold the above granted premises, with all the privileges and appurtenances
thereto belonging, to the said grantees, their heirs and assigns, to their use and
behoof forever," J. takes one undivided third.

APPEAL from a decree of the Probate Court, granting the
petition of Joseph H. Dallagher, as administrator of the estate
of Bridget Dallagher, for a license to sell one undivided third
part of certain real estate for the payment of debts.    The appel-
lant, who was a son of the intestate, contended that she was the
owner of an undivided half, and that a sale of an undivided
third would injure the property, and cause loss to all interested.
Hearing before *Morton*, J., who, with the consent of the parties,
reported the case for the consideration of the full court.    The
facts appear in the opinion.

*J. C. Burke & W. S. Marshall*, (*J. F. Corbett* with them,) for
the appellant.

No counsel appeared for the appellee.

LATHROP, J.    The petitioner's intestate, Bridget Dallagher,
derived her title to the land from the will of her husband, James
Dallagher, who devised all his estate to her; and the question
is whether he took one third or one half under a deed from
Samuel N. Harris, dated March 20, 1871.    This deed conveyed,
in consideration of $2,100, paid by James Dallagher, Ellen
Dallagher, and Eliza Dallagher, a certain parcel of land on
Bartlett Street in Lowell, with a double cottage thereon, the
entire lot being described by metes and bounds, "unto the said

James, Ellen, and Eliza Dallagher, their heirs and assigns."
After the description of the premises followed these words:
" It is understood that James D. is to have No. 70, and Ellen
and Eliza No. 72 in said cottage, to have and to hold the above
granted premises, with all the privileges and appurtenances
thereto belonging, to the said grantees, their heirs and assigns,
to their use and behoof forever."

If the words, " It is understood that James D. is to have
No. 70, and Ellen and Eliza No. 72 in said cottage," are omit-
ted, it is plain that the grantees took as tenants in common, and
each owned one undivided third in the entire estate. And we
are of opinion that these words are too uncertain and ambiguous
to change the result. These words might as well refer to occu-
pancy as to the legal title. The report sets forth many facts to
show the probable intention of the parties, but, whatever their
intention may have been, we are of opinion that the words
above quoted are not sufficient to give a title in fee to James
Dallagher in one half of the land.            *Decree affirmed.*